UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEBORAH (FIORE) LABATY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-389-XR |
| § | |
| UWT, INC., ET. AL, § | |
| § | |
| *Defendants.* § | |
| § | |

**ORDER**

On this day the Court considered Plaintiff's motion for leave to file a third amended complaint (docket no. 115) and Defendant Equity Trust Company's motion for leave to file a counterclaim (docket no. 112).  For the following reasons the Court denies Plaintiff's motion for leave to file a third amended complaint and denies Equity Trust's motion for leave to file a counterclaim.

**I.   Background**

Plaintiff Deborah Labaty brought this action on February 22, 2013, against several defendants after she lost her life savings when she attempted to invest in earth metals and the earth metals were never delivered.  She claims violations of civil RICO 18 U.S.C. § 1962(c), (d) based upon predicate acts of mail and wire fraud 18 U.S.C. § 1341 and § 1343, and money laundering 18 U.S.C. § 1956 (a)(1)(B)(ii).

In 2007, Defendant Superior Gold Group ("Superior"), a Nevada LLC with a principal place of business in California, began running radio advertisements around the country encouraging individuals to reinvest their retirement accounts in gold and other precious metals. In April 2009, Deborah Labaty, a Texas resident, heard one of these advertisements and

contacted Superior. During the initial conversation, the Superior representative informed Labaty that in order to invest in gold, she needed to open a Self-Directed Individual Retirement Account ("SDIRA") with Sterling Trust Company ("Sterling"), a Texas Corporation.

By July 2009, Sterling had opened over 150 SDIRA accounts that distributed money to Superior. Defendant Kelley was at that time the Chief Operating Officer of Sterling. Defendant Maxwell was its Chief Executive Officer. Around this time, Defendants are alleged to have begun a complex cover-up. Sterling initially sold its assets to Defendant Equity Trust Company ("Equity Trust"), a South Dakota Corporation, for $61 million. The proceeds from the sale were "funneled up" to Defendant United Western Bankcorp. Equity Trust Company began operating as "Sterling Trust Company" in Texas.

On May 6, 2013, this action was removed to federal court. The Court denied a Rule 12(b)(6) motion to dismiss and granted Labaty's first motion to amend on August 26, 2013. Docket nos. 24 and 25. The Court granted Labaty leave to amend her complaint for a second time on November 21, 2013. Equity Trust was added to the case as a defendant in the second amended complaint. Docket no. 33. Equity Trust answered the second amended complaint without asserting counterclaims on January 14, 2014, after the Court granted it an extension. Docket no. 47. All parties participated in discovery that was extended twice. One day before the third discovery deadline, the case was stayed for 30 days because Labaty's attorney was very sick. *See* docket no. 89. The case was stayed for a total of 90 days because Labaty's attorney eventually succumbed to his illness and passed away. The Court permitted time for Labaty to find new counsel, for that counsel to assess the case, and for the parties to work out a new proposed scheduling order.

The parties could not agree on a new schedule for the case, so the Court held a hearing on December 8, 2014, and gave the parties 90 days to conduct more discovery. As a result, the parties have taken additional depositions and produced more documents. The Court held a status conference on February 19, 2015, where the parties argued a motion to compel and set a deadline for dispositive motions. Docket no. 114. Equity Trust filed its motion for leave to file a counterclaim (docket no. 112) before the status conference, but neither party argued the motion. Following the hearing, Labaty filed a motion for leave to file her third amended complaint. Docket no. 115. Labaty has responded to Equity Trust's motion for leave to file a counterclaim. Docket no. 116. Equity Trust responded to Labaty's leave to amend the complaint on March 2, 2015. Docket no. 117.

## II.     Legal Standard

Both the motions pending before the Court are for leave to file amended pleadings. Federal Rule of Civil Procedure 16(b) controls amendment of pleadings once a scheduling order has been issued. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

When the Court analyzes good cause under Rule 16, it should consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th

Cir. 2003); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Whether the movant has good cause under Rule 16 is within the discretion of the trial court. *S & W Enters.*, 315 F.3d at 535–36.

If the Court determines that good cause exists, the more liberal amendment standard of Rule 15 then applies. Rule 15 provides that leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), but the decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Avatar Exploration, Inc. v. Chevron, U.S.A.*, Inc., 933 F.2d 314, 320 (5th Cir. 1991). In exercising its discretion, the trial court considers such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.   Analysis

A scheduling order in this case was issued on September 27, 2013, requiring amended pleadings by November 19, 2013. Docket no. 31. Labaty amended her complaint for a second time prior to that deadline, resulting in Equity Trust's inclusion in this case. Docket no. 33. Equity Trust answered the second amended complaint that stated no counterclaims on January 14, 2014. Docket no. 47. The scheduling order was amended twice thereafter (docket nos. 58 and 66), but neither moved the deadline to amend pleadings from November 19, 2013.

**1. Equity Trust's motion for leave to file a counterclaim**

Equity Trust does not show the good cause required in Rule 16 for leave to file a counterclaim because it fails to demonstrate its own diligence with a reasonable explanation for

the delay. Equity Trust seeks to assert a counterclaim for attorney's fees it has incurred defending this case. Equity Trust and Labaty have a contract that provides Labaty agreed

> to reimburse or advance to [Equity Trust], on demand, all legal fees, expenses, costs, fines, penalties and obligations incurred or to be incurred in connection with the defense, contest, prosecution or satisfaction of any claim made, threatened or asserted pertaining to any investment or action you or your investment advisor directed through the custodian, including, without limitation, *claims asserted by you*, any state or federal regulatory authority or self-regulatory organization.

Docket no. 112 at 2 (emphasis original). Equity Trust argues

> [i]t is indisputable that Labaty's claims against Equity Trust pertain to an investment or action that she directed through the custodian. Labaty is therefore required to indemnify Equity Trust for all expenses, including attorneys' fees and other legal costs, which Equity Trust has incurred or will incur as a result of this action.

*Id*. (internal quotations omitted).

Equity Trust's offers two explanations for not asserting the counterclaim earlier: 1) it was not a defendant at the time of removal, so it did not need to comply with Federal Rule of Civil Procedure 81, which requires answers and compulsory counterclaims be asserted within 21 days of removal; and 2) Labaty has received leave to amend twice, so fairness dictates the Court grant Equity Trust leave to amend its pleadings once. *See* docket no. 112 at 3. The Court is unconvinced by these explanations because they are not explanations for delay at all; but are, at best, reasons granting leave to amend is permissible. That is not enough to satisfy Rule 16.

Equity Trust argues "Labaty has had all the relevant documentation pertaining to this claim for the better part of a year," to show Labaty would not be prejudiced. While Labaty may have known about the contract, this argument also highlights Equity Trust's lack of diligence and the absence of an explanation for the delay. Equity Trust has known it could assert this

counterclaim for over a year and failed to do so. It has given the Court no real explanation for why it did not assert the claim earlier. Because Equity Trust gives no explanation for the delay, the Court concludes leave to add the counterclaim should be denied. *See City of El Paso*, 346 F.3d at 547 ("[Movant] was aware of the contract that forms the basis of its proposed [counterclaim] months ago and does not offer a satisfactory explanation for its delay in seeking leave to amend;" denying leave to amend the pleading); *Steptoe v. JPMorgan Chase Bank NA*, No. 4:11-CV-3427, 2013 WL 150305, at *1 (S.D. Tex. Jan. 12, 2013) (holding an unconvincing or conclusory explanation for delaying a motion for leave to amend a complaint more than eight months after the scheduling order deadline sufficient on its own to deny leave to amend pleadings for lack of good cause under Rule 16); *U.S. ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 331 (W.D. Tenn. 2012) ("Because it appears [the defendant] became aware of the basis of the proposed counterclaims in advance of the [scheduling order's] deadline and because [the defendant] has not provided an adequate explanation for its delay in seeking to assert these claims, [the defendant's] failure to meet the deadline shows a lack of diligence, rendering the request to amend inexcusably untimely.").

Next, Labaty is prejudiced by Equity Trust's 15-month delay to assert this counterclaim. The threat of having to pay the inevitably large legal fees of a corporate bank is something an individual plaintiff should be made aware of as soon as practicable by a defendant. While Labaty might have been on notice of the possibility of the claim, Labaty has been operating for some time under the belief that Equity Trust would not press its counterclaim for attorney's fees against an individual plaintiff who was apparently swindled out of her retirement savings. Further, the counterclaim is exactly the type of information Labaty's new counsel would have looked at when taking on the case and determining how to proceed while the case was stayed.

The significant delay in pressing its counterclaim prejudiced Labaty, and prejudiced her in a way a continuance will not remedy because it may have subjected her to significant additional liability already.  If the Court were to grant leave to file the counterclaim, the Court would again have to delay the dispositive motion deadline and trial in this case in order to let Labaty properly defend and respond to the counterclaim.  Given the balancing of the factors for Rule 16 weigh against Equity Trust, due largely to Equity Trust's failure to proffer any explanation for the delay, the Court denies Equity Trust's motion for leave to file a counterclaim because it has not shown good cause for its delay.  *See S & W Enters.*, 315 F.3d at 536–37; *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, No. CIV.A. H-05-1634, 2006 WL 1852322, at *2 (S.D. Tex. June 30, 2006) *aff'd*, 264 F. App'x 900 (Fed. Cir. 2008) (holding a defendant's decision to "offer no explanation" for why its motion for leave to file a counterclaim was not made in a timely fashion, along with prejudice to the plaintiff, was enough to deny leave to amend to add a counterclaim).

### 2.  Plaintiffs' motion for leave to amend the complaint

Labaty's third amended complaint does not meet the requirements of Rule 16 either.  Labaty's counsel is new to the case[1] and seeks to amend to "clarify" the claims against certain defendants, *see* docket no. 115-1 at ¶¶ 166-69, and ¶¶ 188-202, add two substantive claims, *see id*. at ¶ 64 and ¶¶ 154-55, drop her statutory fraud claim.

Labaty cites her new counsel, illuminations from discovery, and simply wanting to clarify allegations as reasons for the third amended complaint.  Equity Trust, however, points to another potential reason for the amended complaint: basis for additional discovery already denied by the Court.  The new allegations in ¶¶166-69 and ¶¶ 188-202 relate to other Equity Trust account

---

[1] Following the untimely death of his predecessor.

holders who tried to invest in earth metals with Superior. Labaty includes names[2], dollar amounts, or other seemingly relevant facts for account holders who tried to invest in precious metals with Superior. *See id*. at ¶¶ 166, 190, 193, and 200. These are new allegations rather than "clarifications."

At the hearing on February 19, 2015, the Court denied Labaty's motion to compel discovery of Equity Trust documents for "all account holders with Sterling Trust Company or Equity [Trust] who attempted to invest in precious metals with Superior." *See* docket no. 114 (denying docket no. 106 in part). The Court has continuously warned Labaty's counsel throughout the case to focus discovery on the facts and claims alleged by the only plaintiff before the Court: Deborah Labaty. Labaty's attorneys have attempted on multiple occasions to expand discovery to potential plaintiffs and issues outside the scope of the live pleadings, and the Court rebuffed those attempts each time. Now, in another attempt to provide a basis for its expensive and irrelevant discovery requests, Labaty adds new allegations more than two years after the start of this case to potentially expand the number of plaintiffs and scope of the issues presented. That is apparently the true reason for the third amended complaint, and the Court finds this reason unconvincing and prejudicial under Rule 16.

Further, granting leave to amend to add allegations about other Equity Trust account holders would prejudice the Defendants, especially Equity Trust, and cause significant delay to a case that has been on the Court's docket for two years and is nearing the discovery deadline for a fourth time. Equity Trust, if this amendment was granted, might have to produce what the Court determined to be disproportionately costly discovery at a previous hearing. As Equity Trust argues, this expansive new discovery would also inevitably delay the impending end of discovery and dispositive motion deadlines in the scheduling order, as Labaty would no doubt

---

[2] Or "Jane or John Doe" for "persons known at this time only to Equity Trust Company."

ask the Court for time to depose the account holders and develop new theories. Defendants would then be forced to defend against those theories, creating ever more discovery and delay. Such an outcome is impermissible at this stage of the litigation. The Court denies Labaty leave to amend to add ¶¶ 166-69 and ¶¶ 188-202 in the third amended complaint under Rule 16.

The Court also denies leave to amend to insert two new substantive claims in the third amended complaint. *See id*. at 64 and ¶¶ 154-55. Labaty's new complaint adds language about "reckless, consciously, and deliberately indifferent," or "deliberate ignorance" in multiple places throughout after the word "knowingly" for multiple defendants, including Equity Trust, Jeff Thompson, and others. *See e.g.*, ¶¶ 64, 79, 199. This is an apparent attempt to include new claims with lower standards of care.

The second new substantive claim is unclear. Labaty states in ¶ 154 that Jeff Thompson, a Sterling representative, presented Labaty with a contract that provided Labaty understood "Sterling has not made and will not make any recommendation or investigation." Labaty alleges this statement/contract was false. In ¶ 155, alleges that this statement/contract "lulled" Labaty to

> insure that she take no immediate action against Bruce Sands, Superior and Sterling. Based upon this false and deceptive language she would (and did) believe that Sterling had no knowledge or information about Bruce Sands and Superior, would never have any knowledge or information about Bruce Sands and Superior, and that she should not and would not ask any questions of Sterling about its knowledge and possession of information regarding Superior and Bruce Sands' fraudulent scheme.

Defendants would need time and new discovery, including re-doing depositions, to respond to both of the new claims. Permitting the new claims would also lead to the cost and time of a new round of motions to dismiss, as Equity Trust argues the law does not support liability against it for such a low standard of care, and that the allegation in ¶¶ 154-55 is

confusing and unsupported by law. Taking time for those motions to dismiss and additional discovery will further delay this case.

The reason for Labaty's delay on the leave to amend is unconvincing, and the "clarifications" and new substantive claims in the third amended complaint will prejudice the Defendants. The inevitable and open-ended interruption just before the close of discovery to a case that has been delayed several times already also weighs against leave to amend to add claims or allegations. Labaty does not show good cause to amend her pleading after the scheduling order deadline under Rule 16, so the Court will not grant her leave to amend her complaint for a third time, except to drop her statutory fraud claim.[3] The Court will not force Labaty to litigate a claim she does not wish to pursue.

## IV.   Conclusion

For all of the above reasons, the Court DENIES Defendant Equity Trust's motion for leave to add a counterclaim (docket no. 112) and DENIES Plaintiff's motion for leave to amend the complaint (docket no. 115). Plaintiff will submit an amended complaint deleting the statutory fraud claim by March 18, 2015.

It is so ORDERED.

SIGNED this 5th day of March, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] And any other claims she no longer wishes to pursue.