UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBORAH (FIORE) LABATY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.  SA-13-CV-389-XR** |
| | § | |
| **UWT, INC., ET. AL,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

On this day the Court considered Plaintiff Deborah Labaty's Motion to Compel (docket no. 147).  After careful consideration, the motion is GRANTED in part and DENIED in part. Labaty brought this action on February 22, 2013, against several defendants after she lost her life savings when she attempted to invest in earth metals and the earth metals were never delivered. She claims violations of civil RICO, 18 U.S.C. § 1962(c), (d) based upon predicate acts of mail and wire fraud, 18 U.S.C. § 1341 and § 1343, and money laundering, 18 U.S.C. § 1956 (a)(1)(B)(ii), among other causes of action.

The Court denied Labaty's first motion to compel (docket no. 107) on February 19, 2015. The Court also denied Labaty's second motion to compel (docket no. 124) on March 24, 2015. Docket no. 131.  In denying the second motion to compel, the Court ordered "Defendants to produce the information or documents that support the proposed stipulation discussed in docket no. 127.  Docket no. 127 ("Equity Trust promptly offered to stipulate to the first and last dates on which accounts were opened whose owners invested with Superior.").  The dates should be for accounts that invested in [Superior Gold Group] but did not receive their gold."

1

Labaty's newest motion to compel seeks to "enforce" the Court's previous order regarding Defendants' stipulation and documents supporting it.  Labaty prays the Court "order Equity to . . . produce the same account documents and information" as it did for the stipulated accounts for accounts related to the July 7, 2009 transactions.  Docket no. 147 at 5.[1]

By their stipulation and supporting production, Equity showed that the last date an account was opened that eventually invested with Superior and did not receive gold was on May 12, 2009.  Defendants argue they should not have to produce information or documents about July 7, 2009 transactions because that was not a part of the stipulation, which contemplated only when accounts were "opened," and that the information sought is irrelevant.

The variance between May 12, 2009 and July 7, 2009 and documents attached to the Labaty's motions demonstrate the stipulation might not have provided the basis for the entire relevant timeframe for Labaty's RICO claims, and thus minimal production relating to the July 7, 2009 transactions might be beneficial.  Further, because July 7, 2009 was after Equity completed its purchase of Sterling and May 12, 2009 was not, basic information and documents regarding those transactions are potentially relevant to Labaty's claims against the Equity Defendants. Finally, because the burden on Defendants was low to produce the information and documents supporting the stipulation, *see* exhibits to docket no. 147 (very little was produced, albeit properly), any burden of producing minimal documents related to the July 7, 2009 transactions is very low and outweighed by the potential benefit of the evidence.  *See* FED. R. CIV. P. 26(b)(2)(C)(iii) ("[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering

---

[1] To the extent Labaty asked for production of other documents, the motion is denied as duplicative and unnecessary given prior production and the stipulation.

the needs of the case, the amount in controversy, the parties' resources, the importance of the

issues at stake in the action, and the importance of the discovery in resolving the issues.").

Therefore, the Court GRANTS in part and DENIES in part Plaintiff's motion to compel

(docket no. 147) and ORDERS Defendants to provide the same account documents and

information relating to the July 7, 2009 transactions as they did for the stipulated accounts; to the

extent such documents exist.

It is so ORDERED.

SIGNED this 29th day of April, 2015.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE