**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DEBORAH FIORE LABATY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. SA-13-CV-389-XR |
| UWT, INC., ET. AL., | § | |
| | § | |
| *Defendants.* | | |

**ORDER GRANTING DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment against Bruce Sands and Superior Gold Group. Docket No. 185. After due consideration of the pleadings and the relevant law, the Court GRANTS the motion.

**Background**

On or about April 15, 2009, Plaintiff Deborah Fiore Labaty signed an agreement wherein she agreed to send monies to Superior Gold Group, LLC in consideration for Superior Gold's transfer of gold and silver bullion to a precious metals IRA account. Plaintiff sent $150,082.00 to Sterling Trust Company. Sterling Trust was the custodian for self-directed IRAs. Pursuant to the documents Plaintiff signed, Sterling was directed to wire Plaintiff's funds from her IRA to Superior Gold for the purchase of the precious metals. Bruce Sands was the chief executive officer of Superior Gold Group LLC.

Superior Gold was to purchase the precious metals and deposit them with the Delaware Depository Service Company (DDSC). Superior Gold failed to deposit with DDSC any of the precious metals Plaintiff had purchased.

Sterling Trust later discovered that at least 183 customers did not receive the precious metals they thought they had purchased from Superior Gold. These losses totaled approximately $3.9 million.

**Procedural History**

On February 22, 2013, Plaintiff filed her Original Petition in the 285th Texas state district court. The case was later removed on diversity jurisdiction.

Bruce Sands and Superior Gold Group LLC were served with the Plaintiff's Original Petition which alleged causes of action for fraud, conversion, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. Neither Sands nor Superior Gold Group filed an answer or responsive pleading.

**Standard of Review**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. The Court examines each in turn.

**Analysis**

A. Jurisdiction

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Federal courts

have subject matter jurisdiction over any civil actions that involve a question of federal law, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. For purposes of determining diversity of citizenship, the citizenship of a limited liability corporation is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff was a citizen of Texas. Superior Gold Group, LLC was a Nevada limited liability company formed on or about April 17, 2007, by defendant Bruce R. Sands. Sands was the only member of the LLC. Sands was a resident of California. Accordingly, the Court concludes that the parties are diverse, and that the amount in controversy exceeds $75,000. As such, this Court has subject matter jurisdiction over this case.

Regarding personal jurisdiction, Defendants Sands and Superior Gold Group LLC solicited Plaintiff to invest in precious metals and both Defendants falsely misrepresented that precious metals would be delivered to Plaintiff's retirement account, when both Defendants knew that Superior Gold would not be purchasing or delivering the precious metals. Further, both Defendants entered into relationships with Sterling Trust Company, a Texas corporation, to facilitate opening self-directed IRAs for the customers Superior Gold Group had solicited. Accordingly, this Court has specific personal jurisdiction over both Defendants. "When a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses." *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014).

B. Liability

When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, while the allegations are presumed to be true, the court has a responsibility to determine whether the well-pleaded facts state a claim upon which relief may be granted. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Plaintiff alleges claims of fraud, conversion, negligence, negligent misrepresentation, and violations of the Texas DTPA. Plaintiff has tendered exhibits which establish that she withdrew her established IRA monies, deposited them with Sterling Trust pursuant to representations made by Superior Gold. Plaintiff was told that Superior Gold would purchase precious metals on her behalf and deposit them with DDSC. Superior Gold failed to comply with its representations and kept Plaintiff's monies. Plaintiff has established that Superior Gold committed fraud, converted her monies, violated the Texas DTPA, or in the alternative was negligent or engaged in negligent misrepresentations.

C. Damages

When a court awards damages to a plaintiff in a default judgment case, the amount "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In her Complaint and Motion for Default Judgment, Plaintiff seeks actual damages in the amount of $150,000. Based on Plaintiff's pleadings and the Declaration of Anthony Carl and the exhibits attached to her motion, Plaintiff has established that she is entitled to recover $150,000 in actual damages.

Plaintiff also seeks punitive damages in the amount of $600,000 (four times actual damages). As a general rule, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. *See James v. Frame*, 6 F.3d 307, 310

(5th Cir. 1993). Notwithstanding this fact, in cases where the Court has an extensive history of the case and has held numerous hearings in the matter, an evidentiary hearing may be dispensed with. *Id*. In addition, in this case the Court takes judicial notice of the fact that other courts have entered stipulated judgments and injunctions against both Superior Gold and Mr. Sands. In addition, the Court takes judicial notice that Bruce R. Sands Jr., pled guilty in the Central District of California to counts of mail fraud, wire fraud, and money laundering in this same scheme that defrauded Plaintiff Labaty. *See United States v. Sands*, Crim. Ac. No. 2:13-CR-00489-GW-1 (N.D. Cal. April 14, 2016), docket no. 68 (stating "The Defendant Bruce R Sands Jr (1) pleads GUILTY to Count 1,4,6–7,9–13,14,16."). Accordingly, Plaintiff has established that she is entitled to recover $600,000 in punitive damages.

**Conclusion**

The Court hereby GRANTS Plaintiff's Motion for Default Judgment (Docket No. 185) against Defendants Bruce Sands and Superior Gold Group. Plaintiff is entitled to damages in the amount of $150,000 and exemplary damages in the amount of $600,000. Judgment shall issue separately according to Rule 58. Plaintiff is awarded her costs of court and shall file a Bill of Costs pursuant to the Local Rules within fourteen days of the entry of the Judgment.

It is so ORDERED.

SIGNED this 2nd day of May, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE