## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH FIORE LABATY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-389-XR |
| | § | |
| UWT, INC. ET. AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON COSTS

On this date, the Court considered Deborah (Fiore) Labaty's Bill of Costs (docket no. 188).  Because Labaty was the "prevailing party," the Court awarded costs to Labaty pursuant to Rule 54(d) and 47 U.S.C. § 605.  Labaty seeks a total award of $15,016.80 in costs: $801.00 for clerk fees, $1,046.50 for service of process, and $13,169.30 for printed or electronically recorded transcript fees.

Federal Rule of Civil Procedure 54(d) provides that costs "shall be allowed as of course to the prevailing party."  Section 605 states that "[t]he court . . . shall direct the recovery of *full costs*, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605 (2006) (emphasis added).

First, it is undisputed that under the "full costs" language of § 605, courts must award a prevailing party the costs allowed under 28 U.S.C. § 1920 (the general rule governing costs). *DirecTV, LLC v. Ertem*, Civ. Ac. No. 13-487, 2015 WL 459398, at *4 (E.D. La. Feb. 3, 2015)

1

(citing *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (2012).

### A. Fees of the Clerk

Labaty seeks an award of $801.00 for filing fees, which are allowed as fees of the clerk. This includes the state court filing fee, the state fee for jury demand, and the fee for issuance of summons charged by the Bexar County Clerk. The Court will award $801.00 for the fees of the Clerk.

### B. Fees for Service of Summons and Subpoena

Labaty also seeks $1,046.50 for service of summons. While this Court has held that private process service fees are recoverable as costs, it is this Court's practice to limit the amount to that charged by the Marshal because the statute does not specifically authorize fees for service of process but instead refers to "fees of the marshal," which is $65.00. *Lear*

*Siegler Servs v. Ensil Int'l Corp.*, Civ. A. No. SA: 05-CV-679-XR, 2010 WL 2595185, at \*2 (W.D. Tex. June 23, 2010); *see also* 28 C.F.R. § 0.114.  The service fees are therefore reduced to $65.00 for each item served.  In addition, Section 1821(a)(1) states that "a witness in attendance at any court in the United States…or before any person authorized to take his deposition…shall be paid the fees and allowances provided by this section."  *See* 28 U.S.C. § 1821(a)(1).  A $40.00 per day witness fee is authorized by 28 U.S.C. § 1821(b)[1] and pursuant to § 1821(c)(2), "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . shall be paid to each witness who travels by privately owned vehicle."

Therefore, the $1,046.50.00 requested is reduced to $886.50.  Two subpoenas were served on the Texas Department of Banking on January 1, 2014.  The Court will award the $40.00 request for one subpoena service, and the Court will reduce the $80 request to $65.00 for the other subpoena served on the Texas Department of Banking.  The Court reduces the $142.50 requested for the Guy Gibson deposition to $112.50, which includes a $65 service fee for the attempted service of Guy Gibson and a $47.50 service fee for additional attempts.  The Court awards the $109.00 requested for the Margaret McVan, which includes a $65 service fee, a $40 witness fee, and a $4 mileage fee.  The Court awards the $109 requested for the Paul Skretny, which includes a $65 service fee, a $40 witness fee, and a $4 mileage fee.  The Court reduces the $100 requested for the subpoena served on Bruce Sands, as CEO of Superior Gold Group, on July 2, 2013 to $65.  The Court reduces the $115.00 requested for the subpoena served on Bruce Sands individually on July 2, 2013 to $65.  The Court reduces the

---

[1] "A witness shall be paid by an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

$117.00 requested for the second Margaret McVan deposition to $107, which includes a $65 service fee, a $40 witness fee, and a $2 advanced witness fee. The Court reduces the $117 requested for the Anthony Carl deposition to $107, which includes a $65 service fee, a $40 witness fee, and a $2 advanced witness fee.  The Court reduces the $117 requested for the Kelli Click deposition to $107, which includes a $65 service fee, a $40 witness fee, and a $2 advanced witness fee.  Accordingly the 1,046.50 requested for service of summons and subpoenas is reduced to $886.50.

### C.  Fees for Printed or Electronically Recorded Transcripts

Labaty seeks costs for both the printed and electronically recorded transcripts of the depositions of Jeffery Kelly, Scott Wetzel, Michael McCloskey, and Paul Maxwell.  Labaty requests a total of $13,169.30 for transcripts obtained in this case.

Costs related to the taking of depositions are allowed under § 1920(2) "if the materials were necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).  "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for the use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).

The United States Court of Appeals for the Fifth Circuit has not addressed whether a prevailing party in a case can recover both printed and video graphic transcription costs. *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014).  Even though both print and video transcripts are recoverable under 28 U.S.C 1920(2), "this court generally does not award costs for both."  *Dixon v. Comal City., Texas*, No. SA-09-CV-831-XR, 2011 WL

1565970, at *1 (W.D. Tex. Apr. 25, 2011).  Therefore, the Court will award Labaty the more expensive costs of either print or video transcription for those deponents.

The Court awards all of the print transcript fees for deponents where video transcripts were not taken, which include: $493.64 for the deposition of Robert Canfield, $295.26 for the deposition of Rita Brady, $356.80 for the deposition of Kathleen Ryan, $428.51 for the deposition of Ron Cullen, $485.59 for the deposition of Bruce Epstein, $273.27 for the deposition of Stanley McGahan, $328.34 for the deposition of William Jewell, $186.10 for the deposition of Rodney Phillips, $610.50 for the deposition of Margaret McVan, $868.50 for the deposition of Kelli Click, $184.00 for the deposition of Anthony Carl, $337.50 for the deposition of Jeffrey Desich, $683.00 for the depositions of Richard Desich Sr. & Jr., $821.20 for the deposition of Mike Dea, $55.00 for the deposition of Fran Goins, and $418.50 for the deposition of Charles Bo Ives.

In addition, the Court awards Labaty the $1,222.50 requested for the video transcript of Jeffrey Kelly's deposition, but the Court does not award the $987.50 requested for the print transcript of Jeffrey Kelly.  The Court awards the $381.30 requested for the print transcript of Scott Wetzel's deposition, but the Court does not award the $250 for the video transcript of Scott Wetzel.  The Court awards the $648.65 and $877.61 requested for print transcript fees for the deposition of Paul Maxwell, but the Court does not award the $375.00 requested for the video transcript of Paul Maxwell.  The Court awards the $976.03 requested for the print transcript of Michael McCloskey's deposition, but the Court does not award the $625 requested for the video transcript of Michael McCloskey.  Labaty's $13,169.30 request for deposition transcripts is reduced to $10,931.80.

5

**D. Fees for Handling of Transcripts**

Lastly, the requested $28.88 for FedEx fees, listed on transcript invoice 63692, should be deducted from the overall amount of transcript costs, which are 10,931.80. The Fifth Circuit has consistently held that § 1920 does not specifically allow recovery of courier or messenger costs. *Auto Wax Co. v. Mark V Products, Inc.*, Civ. Ac. No. 3:99-CV-0982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002). Postage and mail costs have generally been denied on the grounds that both are considered overhead costs associated with operating a law firm. *Id.* Therefore, the $10,931.80 for transcript fees is reduced to $10,902.92.

## CONCLUSION

In sum, $12,590.42 in costs are awarded to Labaty as follows:

(1) $801.00 filing fee

(2) $886.50 for service of summons

(3) $10,902.92 for print and electronically recorded transcripts

It is so ORDERED.

SIGNED this 22nd day of August, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

6